IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

                   v.                    16-cr-37-jdp-1

DAVID STOTT,

                Defendant.

---

A hearing on the probation office's petition for judicial review of David Stott's supervised release was held on April 5, 2018, before U.S. District Judge James D. Peterson. The government appeared by Assistant U.S. Attorney Daniel J. Graber. Defendant was present in person and by counsel, Gregory Dutch. Also present was Sr. U.S. Probation Officer Kristin Kiel.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 15, 2016, following his conviction for tax fraud, in violation of 26 U.S.C. § 7201. This offense is a Class D felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of one year and one day, with a one-year term of supervised release to follow.

Defendant began his term of supervised release on December 22, 2017.

Defendant violated the mandatory financial condition of supervised release that he make monthly restitution payments of $3,000 and monthly fine payments of $250. He failed to make any payments within the first 30 days of his release. His payments in February and March were

short, so that he had an arrearage of $6,800 for restitution and $750 for the fine. He made payment on April 4, 2018, that eliminated the arrearage. However, the funds used for the catch-up payment were procured by a loan that had not been authorized by his supervising officer, in violation of special condition no. 14.

## CONCLUSIONS

Defendant's violations do not yet warrant revocation. However, I will extend his supervision to the maximum term available, three years. This extension is authorized by 18 U.S.C. § 3583(e)(3), and defendant agreed to it at the hearing. Despite previous assurances, it appears now that defendant cannot fulfill his restitution obligation during his original one-year term of supervision. The extended term will give the probation office the maximum time to monitor his finances to ensure that he pays restitution to the best of his ability.

At the hearing, defendant requested a decrease in his monthly payments, to which the government objected. The court reviewed evidence concerning defendant's finances, and the court was not persuaded to lower the previously-ordered $3,250 monthly payment. If defendant believes a decrease is warranted, he should begin by providing complete financial information, with supporting evidence, to his supervising officer. If he moves the court for a reduction, he should be prepared to support the request with complete documentation.

Continued willful failure to pay his financial obligations may result in revocation of his supervised release or even resentencing. But if defendant satisfies his outstanding financial obligations to the court, the court would consider an early discharge from supervision.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 15, 2016, is extended for an additional 24 months for a total term of 36 months, on the same

conditions and payment schedule as originally ordered.

    Entered: April 5, 2018.

                              BY THE COURT:

                              /s/

                              James D. Peterson
                              District Judge